FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
2012 MAY 16 A 10:19 FOR THE DISTRICT OF UTAH

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

| | |
|---|---|
| ADAM DELBERT OLSEN, | **ORDER TO AMEND DEFICIENT** |
| | **COMPLAINT, & MEMORANDUM** |
| Plaintiff, | **DECISION** |
| v. | Case No. 2:12-CV-154 DS |
| JAMES WINDER, | District Judge David Sam |
| Defendant. | |

Plaintiff, inmate Adam Delbert Olsen, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2012), *in forma pauperis*, *see* 28 id. § 1915. The Court now screens the complaint and orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

### Deficiencies in Complaint

Complaint:

(a) inappropriately alleges civil-rights violations against defendant sheriff on a respondeat-superior theory.

(b) has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

**Instructions to Plaintiff**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand

2

entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint *or any of the documents/letters filed in this case after the original complaint was filed*. See *Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

Second, the complaint must clearly state what each defendant did to violate Plaintiff's civil rights. See *Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. See *Mitchell v. Maynard,* 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability). Further, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v.*

*Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

(1) Plaintiff must within thirty days cure the deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

DATED this 15th day of May, 2012.

BY THE COURT:

_____
JUDGE DAVID SAM
United States District Court