```
                                                         FILED
                                                   U.S. DISTRICT COURT

           IN THE UNITED STATES DISTRICT COURT   2012 JUL 18  A 10: 44
                   FOR THE DISTRICT OF UTAH
                                                    DISTRICT OF UTAH
```

|  |  |  |
|---|---|---|
| ADAM DELBERT OLSEN, | ) | ORDER TO AMEND ~~DEFICIENT~~ BY: |
|  | ) | COMPLAINT, & MEMORANDUM DEPUTY CLERK |
| Plaintiff, | ) | DECISION |
|  | ) |  |
| v. | ) | Case No. 2:12-CV-154 DS |
|  | ) |  |
| JAMES WINDER, | ) | District Judge David Sam |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

Plaintiff, former inmate Adam Delbert Olsen, filed this *pro se* civil rights suit, see 42 U.S.C.S. § 1983 (2012), *in forma pauperis*, see 28 id. § 1915. The Court now screens the complaint and orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

### Deficiency in Complaint

Complaint inappropriately alleges civil-rights violations against defendant sheriff on a respondeat-superior theory.

### Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which

they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint *or any of the documents/letters filed in this case after the original complaint was filed.* See *Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

Second, the complaint must clearly state what each defendant did to violate Plaintiff's civil rights. See *Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal

2

participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability). Further, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

(1) Plaintiff must within thirty days cure the deficiency noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) If Plaintiff fails to timely cure the above deficiency according to this Order's instructions, this action will be dismissed without further notice.

DATED this 17th day of July, 2012.

BY THE COURT:

_____
JUDGE DAVID SAM
United States District Court